O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLORIA GARCIA,                              ) | NO. CV 12-02059-MAN |
|                           ) | |
|           Plaintiff,      ) | |
|                           ) | MEMORANDUM OPINION AND ORDER |
|      v.                   ) | |
|                           ) | |
| CAROLYN W. COLVIN,[1]      ) | |
| Acting Commissioner of Social ) | |
| Security,                 ) | |
|                           ) | |
|           Defendant.      ) | |

Plaintiff filed a Complaint on March 15, 2012, seeking review of the denial of her application for a period of disability, disability insurance benefits, and supplemental security income and an order reversing the Commissioner's decision or, alternatively, remanding this matter for a new hearing or new proceedings. On March 16, 2012, this Court issued its Case Management Order, setting forth, *inter alia*, a schedule for the preparation and filing of pleadings, including a Joint

---

[1] Carolyn W. Colvin became the Acting Commissioner of the Social Security Administration on February 14, 2013, and is substituted in place of former Commissioner Michael J. Astrue as the defendant in this action. (*See* Fed. R. Civ. P. 25(d).)

Stipulation. On April 24, 2012, the parties consented, pursuant to 28 U.S.C. § 636(c), to proceed before the undersigned United States Magistrate Judge. The Commissioner filed her Answer on October 15, 2012, in which she requested that her decision be affirmed.

On October 31, 2012, plaintiff's then-counsel, Marc V. Kalagian, filed a Notice of Motion and Motion To Withdraw as Attorney of Record and Motion for Extension of Time with a supporting memorandum of points and authorities and declaration by Marc V. Kalagian (collectively, the "Motion"). By the Motion, Mr. Kalagian sought leave to withdraw as attorney of record pursuant to Local Rule 83-2.9.2.1 and "permission from the [C]ourt for an extension of time to permit the transfer of the pleadings, case management order, and certified administrative record to [plaintiff] for her action." (Motion at 3-4.) In support of the Motion, Mr. Kalagian asserted, *inter alia*, that "[t]he relationship between counsel and [plaintiff] has deteriorated to the point where no meaningful dialogue can take place." (Motion at 3.)

On November 5, 2012, the Court issued an Order regarding the Motion ("November 5 Order") briefly discussing the grounds on which the Motion rested and setting forth the Court's tentative conclusion that the Motion should be granted. Before granting the Motion, however, the Court provided plaintiff with an opportunity to be heard. Plaintiff was directed to submit on or before November 26, 2012, a written Opposition to the Motion or, if she did not oppose the Motion, to file a Notice of Dismissal, a Notice of Substitution of Attorney, or a notice advising that she intended to represent herself.

On November 28, 2012, the Court received a letter submitted by plaintiff ("November 28 Letter"). The November 28 Letter failed to comply with the November 5 Order, because although plaintiff indicated that she opposed the Motion, she did not set forth any fact(s) or argument in opposition to the Motion. Further, while plaintiff claimed that she had "an explanation" for why the Motion should not be granted, she did not provide it to the Court.

By Order dated November 28, 2012 ("November 28 Order"), the Court granted plaintiff one final opportunity to comply with the November 5 Order. On December 13, 2012, the Court received a letter submitted by plaintiff ("December 13 Letter"). Because plaintiff failed to serve the December 13 Letter on her counsel, as directed by the Court, and on counsel for defendant, in violation of Rule 5(a)(1) of the Federal Rules Civil Procedure, the December 13 Letter constituted an improper ex parte communication with the Court.

Notwithstanding the impropriety of this communication, on December 19, 2012, the Court, in an effort to move this case forward, ordered that the December 13 Letter be filed and that the Clerk serve copies of it on plaintiff's counsel and on counsel for defendant ("December 19 Order"). The Court noted that, in the December 13 Letter, plaintiff advised the Court that she would be representing herself unless and until she retained new counsel. Additionally, the Court found that the December 13 Letter did not set forth *any* fact(s) or arguments in opposition to the Motion. Accordingly, for the reasons stated in the November 5 Order, and because plaintiff did not present any fact(s) or

legal argument in opposition to the Motion, the Court granted the Motion. Mr. Kalagian was relieved as counsel and directed to deliver the pleadings, case management order, and certified administrative record to plaintiff promptly. Additionally, plaintiff (or her new counsel, if she obtained counsel) was directed to file a motion for summary judgment on or before February 12, 2013.

Plaintiff did not comply with the December 19 Order, nor did she request additional time to do so. On March 4, 2013, the Court issued an Order To Show Cause ("OSC"). After finding that the "deadline has elapsed and nothing has been filed, in violation of the Court's December 19 Order," the Court directed plaintiff to show cause, by not later than March 25, 2013, "why plaintiff or her new counsel, if she obtained counsel, did not timely file her motion for summary judgment, and why the Court should not recommend that this action be dismissed for failure to prosecute and failure to comply with the Court's December 19 Order." (OSC at 1.) Plaintiff was informed that she could satisfy her obligations under the OSC by filing a motion for summary judgment by March 25, 2013. Plaintiff was expressly cautioned that if she failed to comply with the OSC, the Court would "**deem such failure to be both a further violation of a Court order and further evidence of a lack of prosecution on plaintiff's part.**" (*Id.;* emphasis in original.) Plaintiff was also warned that, if she failed to comply with the OSC, "**this action [could] be dismissed pursuant to FED. R. CIV. P. 41(b) and Local Rule 41-1.**" (*Id.;* emphasis in original.)

///

///

4

It is now more than two weeks past the deadline set forth in the OSC, and plaintiff has not filed a motion for summary judgment or otherwise communicated with the Court in response to the OSC.  Without plaintiff's participation, this action cannot proceed.

**DISCUSSION**

Rule 41(b) of the Federal Rules of Civil Procedure grants federal district courts the authority to *sua sponte* dismiss actions for failure to prosecute.  Link v. Wabash R. Co., 370 U.S. 626, 629-30, 82 S. Ct. 1386, 1388 (1962).  In determining whether dismissal for lack of prosecution is proper, a court must weigh several factors, including: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the availability of less drastic sanctions; and (5) the public policy favoring the disposition of cases on their merits. Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992).

With respect to the first and second factors, plaintiff's delay necessarily implicates both the public interest in the expeditious resolution of litigation and the Court's need to efficiently manage its docket.  *See* Pagtalunan, 291 F.3d at 642; *see also* Yourish v. California Amplifier, 191 F.3d 983, 990-91 (9th Cir. 1999).  Plaintiff's failures to comply with the December 19 Order and the OSC have caused this action to come to a halt, thereby impermissibly allowing plaintiff, rather than the Court, to control the pace of the proceedings in this case.  *Id.*  In

addition, plaintiff's conduct indicates that she does not intend to litigate this matter diligently. Significantly, the Court, in contrast to plaintiff, has spent valuable time unsuccessfully attempting to move this case along -- time which could have devoted to other cases on its docket. *See* Clayton v. Astrue, 2011 U.S. Dist. LEXIS 150710, at *3 (S.D. Cal. November 18, 2011)(citing the court's expenditure of time as a factor weighing in favor of dismissal under 41(b)). Allowing plaintiff to continue to halt the process would frustrate not only the public's interest in the expeditious resolution of litigation but also the Court's need to manage its own docket. *See* Ferdik, 963 F.2d at 1262 (noting that "[i]t is incumbent upon us to preserve the district courts' power to manage their dockets without being subject to the endless vexatious noncompliance of litigants"). Accordingly, the first two factors strongly weigh in favor of dismissal.

The third factor -- the risk of prejudice to defendants -- also weighs in favor of dismissal. When, as in this case, a plaintiff unreasonably delays prosecution of an action, a rebuttable presumption of prejudice to defendant arises. *See* In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994). Although that presumption may be rebutted when a plaintiff proffers a reasonable excuse for the delay, plaintiff has failed to provide any explanation, let alone a reasonable excuse, for failing to comply with the December 19 Order and the OSC. Thus, the third factor does not support allowing this stalled case to continue.

In addition, the fourth factor -- the availability of less drastic sanctions -- strongly favors dismissal. The Ninth Circuit has set forth

6

the following three-part analysis to determine whether a district court properly exercised its discretion in determining that no less harsh sanction than dismissal is appropriate: (1) whether the court discussed the feasibility of less drastic sanctions and why those sanctions would not be appropriate; (2) whether the court previously implemented alternate sanctions; and (3) whether the court warned the party of the possibility of dismissal. Adriana Int'l Corp. v. Thoeron, 913 F.2d 1406, 1412 (9th Cir. 1990). The Court has attempted to avoid dismissal by specifically warning plaintiff that failure to comply with its OSC could result in dismissal, without prejudice, for failure to prosecute. Further, in recognition of plaintiff's *pro se* status, the Court has waited several days past the deadline set forth in the OSC before dismissing this case. Despite the Court's attempts to explore meaningful alternatives to dismissal, however, plaintiff has failed to participate in her litigation, and thus, lesser sanctions do not appear to be appropriate. *See* Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986)(noting that the "district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives"). Nevertheless, the Court has determined that the instant action should be dismissed *without* prejudice -- a sanction less drastic than dismissal with prejudice.

The fifth factor, the general policy favoring resolution of cases on the merits, weighs against dismissal. However, plaintiff has a responsibility to move a case towards disposition at a reasonable pace and to avoid dilatory and evasive tactics. *See* Morris v. Morgan Stanley Co., 942 F.2d 648, 652 (9th Cir. 1991). Plaintiff has not met this

responsibility despite having been given ample time to do so. Under these circumstances, the public policy favoring resolution of cases on the merits does not outweigh plaintiff's failure to comply with this Court's orders and to prosecute this action diligently.

A balancing of these factors leads to the conclusion that dismissal without prejudice, pursuant to Rule 41(b) and Local Rule 41-1, is warranted. *See* Ferdik, 963 F.2d at 1263 (dismissal is appropriate where strongly supported by three factors).

**CONCLUSION**

Accordingly, for the reasons stated above, IT IS ORDERED that the above-captioned case is dismissed without prejudice for lack of prosecution.

IT IS FURTHER ORDERED that the Clerk of the Court shall serve copies of this Memorandum Opinion and Order and the Judgment on plaintiff and counsel for defendant.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

DATED: April 10, 2013

_____
MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE

8